1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN PAUL FRANK SCHOWACHERT,

Plaintiff,

v.

BILL POLLEY, *Jail Commander; Tuolumne County Jail*,

Defendant.

Case No.  1:21-cv-00927-HBK

ORDER TO ASSIGN A DISTRICT JUDGE

FINDINGS AND RECOMMENDATIONS TO DISMISS CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE[1]

FOURTEEN-DAY OBJECTION PERIOD

This matter comes before the Court upon periodic review. As more fully set forth below, the undersigned recommends this case be dismissed without prejudice due to Plaintiff's failure to prosecute this action and timely comply with the Court's orders.

## I.      FACTS AND BACKGROUND

Plaintiff John Paul Frank Schowachert, a state prisoner, initiated this action by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983 on June 7, 2021.  (Doc. No. 1).  Plaintiff concurrently moved to proceed *in forma pauperis* ("IFP").  (Doc. No. 2).  On June 15, 2021, the Court denied Plaintiff's motion to proceed *in forma pauperis* without prejudice because Plaintiff's application was incomplete and unsigned.  (Doc. No. 6).  The Court provided Plaintiff

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Ca. 2019).

1    with 30 days to either re-submit a signed and completed IFP application or pay the $402.00 filing

2    fee.  (*Id.* at 2).  The Court enclosed an application and cautioned Plaintiff that his failure to timely

3    comply with the Court's order would result in this matter's dismissal.  (*Id.*).

4           On July 29, 2021, the Court issued an Order to Show Cause directing Plaintiff to show

5    cause why this case should not be dismissed for Plaintiff's failure to timely refile an IFP

6    application.  (Doc. No. 7).  That Order provided Plaintiff 14 days to demonstrate why the Court

7    should not recommend this matter's dismissal without prejudice for Plaintiff's failure to prosecute

8    this action and his failure to timely comply with the Court's June 15, 2021 Order.  (*Id.* at 2).  The

9    Court again warned Plaintiff that his failure to timely respond to the Order to Show Cause would

10   result in a recommendation that this case be dismissed for failure to prosecute.  (*Id.*).  As of the

11   date of these Findings and Recommendations, Plaintiff has not paid the filing fee, not submitted a

12   signed and completed application to proceed *in forma pauperis* and not responded to the Order to

13   Show Cause, and the time to do so has lapsed.  (*See* docket).

14                            **II.    APPLICABLE LAW**

15          Federal Rule of Civil Procedure 41(b) permits courts to involuntarily dismiss an action

16   when a litigant fails to prosecute an action or fails to prosecute or comply with a court order.  *See*

17   Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir.

18   2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689

19   (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts

20   may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances.").  Local Rule 110

21   similarly permits courts to impose sanctions on a party who fails to comply with a court order.

22   Further, the procedural rules that govern this Court are to be "construed, administered and

23   employed by the court . . . to secure the just, speedy, and inexpensive determination of every

24   action and proceeding."  Fed. R. Civ. P. 1.

25          When "an IFP application is submitted with the complaint in lieu of the filing fee, and the

26   application is thereafter denied, the district court will be free to dismiss the complaint if the fee is

27   not paid within a reasonable time following the denial."  *Escobedo v. Applebees*, 787 F.3d 1226,

28   1228 (9th Cir. 2015).  Involuntary dismissal is a harsh penalty, but it "is incumbent upon the

1    Court to manage its docket without being subject to routine noncompliance of litigants."

2    *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  Before dismissing an action under Fed.

3    R. Civ. P. 41, the court *must* consider: (1) the public interest in expeditious resolution of

4    litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4)

5    public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions.

6    *See Applied Underwriters*, 913 F.3d at 889  (noting that these five factors "must" be analyzed

7    before a Rule 41 involuntarily dismissal) (emphasis added); *Malone v. U.S. Postal Service*, 833

8    F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and independently reviewing the record

9    because district court did not make finding as to each); *but see Bautista v. Los Angeles County*,

10   216 F.3d 837, 841 (9th Cir. 2000) (listing the same, but noting the court *need not* make explicit

11   findings as to each) (emphasis added); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992)

12   (affirming dismissal of *pro se* § 1983 action when plaintiff did not amend caption to remove "et

13   al" as the court directed and reiterating that an explicit finding of each factor is not required by

14   the district court).

## III.    ANALYSIS

16         The undersigned considers the above-stated factors and concludes they favor dismissal of

17   this case.  The expeditious resolution of litigation is deemed to be in the public interest.  *Yourish*

18   *v. California Amplifier*, 191 F.2d 983, 990-91 (9th Cir. 1999).  Turning to the second factor, the

19   Court's need to efficiently manage its docket cannot be overstated.  This Court has "one of the

20   heaviest caseloads in the nation," and due to unfilled judicial vacancies, which is further

21   exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency.  *See*

22   Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of

23   California.  The Court's time is better spent on its other matters than needlessly consumed

24   managing a case with a recalcitrant litigant.  Indeed, "trial courts do not have time to waste on

25   multiple failures by aspiring litigants to follow the rules and requirements of our courts."

26   *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary

27   dismissal with prejudice of habeas petition where petitioner failed to timely respond to court

28   order and noting "the weight of the docket-managing factor depends upon the size and load of the

3

1   docket, and those in the best position to know what that is are our beleaguered trial judges.").

2   Delays have the inevitable and inherent risk that evidence will become stale or witnesses'

3   memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third

4   factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968).  The Court has already attempted a less

5   drastic action by issuing an order to show cause providing Plaintiff additional time to file a new

6   IFP application or pay the filing fee, but Plaintiff failed to do so.  Finally, the instant dismissal is

7   a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby

8   addressing the fifth factor.

9        The Ninth Circuit permits courts to dismiss cases where an IFP application has been

10   denied and the filing fee not paid.  *Escobedo*, 787 F.3d at 1228.   The instant dismissal of this

11   action for failure to prosecute and failure to comply with court orders is in accord with that

12   precedent as well as precedent governing Rule 41 dismissals.  The Court accordingly

13   recommends dismissal without prejudice under Fed. R. Civ. P. 41 and Local Rule 110.

14        Accordingly, it is **ORDERED**:

15        The Clerk of Court be directed to assign a district judge to this case.

16        Further, it is **RECOMMENDED**:

17        This case be dismissed without prejudice for Plaintiff's failure to prosecute this action.

18                              NOTICE TO PARTIES

19        These findings and recommendations will be submitted to the United States district judge

20   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen

21   (14) days after being served with these findings and recommendations, a party may file written

22   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

23   Findings and Recommendations."  Parties are advised that failure to file objections within the

24   specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834,

25   838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

26   Dated:    August 27, 2021

27                                    HELENA M. BARCH-KUCHTA
                                      UNITED STATES MAGISTRATE JUDGE
28

                                        4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28